JANE CATHARINE LOTTIMER *against* CHARLES F. LIVERMORE.

(Decided June 5th, 1876.)

Where the plaintiff sold several lots of land, all with covenants on the part of the grantees against erecting on the premises anything but "a genteel dwelling-house, to cover the whole front of the lot, and not to be of greater depth than fifty feet,"—*Held*, that the plaintiff was not estopped from enforcing a compliance with the covenant because she had allowed former violations on the part of the defendant and the grantees of the other lots without taking action against them,

*Held*, further, that a change in the character of the neighborhood would not prevent the enforcement of the covenant, where its enforcement was necessary to the enjoyment in the other property of the grantor of freedom of light, air, and vision.

The judge who tries an equity case is alone authorized to grant an allowance therein; and it is proper where, in such a case, another judge has granted an allowance, for him to vacate the order, and direct the motion therefor to be heard before the judge who tried the case.

APPEAL by defendant in an equity case heard and decided by Judge ROBINSON.

In 1851, William Hurry was the owner of the lots shown on the following diagram, and numbered one to five inclusive:

Lots Nos. 1 and 2 were conveyed by Hurry in 1851, and lot No. 3, in 1853; and each of the deeds of conveyance contained a covenant as follows:

"And the said party of the second part, for himself, his heirs and assigns, doth hereby covenant to and with the said Wm. Hurry, his heirs, executors, and administrators, that neither the said party of the second part, nor his heirs or assigns, nor any person claiming under, through, or by means of this conveyance, shall or will at any time hereafter erect upon said lot any other building whatever than a genteel dwelling-house to cover the whole front of said lot, but not to be of greater depth than fifty feet; and which covenant is hereby declared to be a continuing covenant, and to be for the benefit of the owners of the lots now owned by said William Hurry, between this lot and 26th street, so that the same may have freedom of air, light, and vision."

In 1855, Hurry conveyed lots Nos. 4 and 5 to the plaintiff, and the deed of conveyance contained the following covenant: "And the said party of the second part, for herself, her heirs and assigns, doth hereby covenant to and with said William

Hurry, his heirs, executors, and administrators, that neither the said party of the second part, nor his heirs or assigns, shall or will at any time hereafter erect any buildings on the said lot of land fronting on Fifth avenue (the "Ludlow" lot) except a first class dwelling-house, not to exceed fifty feet in depth."

In 1858, lot No. 3 was reconveyed to Hurry, who sold again in 1860, by a deed in which the covenant in the original deed was not in terms renewed, and the defendant derives title to this lot by divers mesne conveyances.

The plaintiff having made a verbal contract of sale of lot No. 4, the vendee entered into possession and built a house thereon fifty-nine feet deep. The plaintiff had no knowledge of the fact that this building constructed on this lot was more than fifty feet deep until after it was built. She however conveyed the lot with the building upon it.

The defendant, with the knowledge of the plaintiff, and without her objection, built a portion of the Hotel Brunswick, and he proposed to extend his building more than fifty feet from the front of his lot, and this action was brought to restrain the same.

*Edmund Coffin, Jr.*, for appellant.

*W. H. Arnoux*, for respondent.

Van Brunt, J.—No claim is made but that the covenants above mentioned run with the land and can be enforced, unless some subsequent events have taken away that right. The grounds upon which the defendant claims to avoid compliance with the covenants contained in the deed through which he derives title, seem to be these :

1st. Because the plaintiff has not interfered with the defendant in his construction of a portion of a hotel on the front fifty feet of his lot No. 3.

2d. Because she has permitted lot No. 2 to be used for purposes of trade.

3d. Because she has permitted the grantee of lot No. 1 to violate the covenant without taking action against him.

4th. Because the plaintiff herself conveyed lot No. 4, with a building which had been erected upon it by the equitable owner, which was a violation of the covenant.

5th. Because the character of the neighborhood has so changed that now the parties would not make the covenant, and therefore it should not be enforced.

The foundation of the 1st, 2d and 3d of the grounds above stated seems to be this : That, unless a party who has an interest in enforcing a covenant resists every violation of it at once, whether such violation is deemed by the party to be of any importance, or injures him or not, he thereby loses all right to enforce any portion whatever of a covenant, even when it is about to be violated in a manner which will work great, certain and direct injury to the party calling in its aid. I have been unable to find any case supporting any such doctrine, nor has my attention been called to any. Upon the contrary, in the case of *Western* v. *McDermott* (Law Rep. 1 Eq. Cas. 499), where this question was discussed, Lord Romilly, M. R., says : " I am of opinion that the plaintiff, because he has not complained of certain breaches of covenant, which, in my opinion, have inflicted no injury upon him, has *not* thereby debarred himself from complaining of a breach which does affect the value of his property." The plaintiff in this case also had committed breaches of the covenant. Upon an appeal being taken (L. Rep. 2 Ch. App. 72), L. C. Chelmsford says : " I cannot, however, understand how a passive acquiescence in one breach of a covenant can be considered to be a waiver for all future time of the right to complain of any other breach ; " and he further says, it not being shown that the plaintiff's violation of the covenant had ever been complained of, that it injured any one, such a violation is not the shadow of an answer to the plaintiff's bill.

The above case is exactly parallel to the one before the court, and negatives every proposition claimed by the defendant founded upon passive acquiescence. It is true that the plaintiff, having seen the defendant erect upon the front of his

lot a part of a hotel without objection, could not be allowed to come into court and insist that he should take that building down; but it does not follow that, because the plaintiff has waived her right to insist upon having only genteel dwelling-houses upon these lots, which may have been a matter of indifference to her, she has lost all right to have freedom of air, light and vision, which may be vital to the enjoyment of her property.

The change in the character of a neighborhood perhaps might afford a ground for refusing to enforce such a covenant, as far as requiring the lots to be occupied *only* by genteel dwelling-houses is concerned, although this is extremely doubtful; but such a rule could only apply to the uses to which the property could be put. No such change, however, can make unnecessary to any owner, for the proper enjoyment of his or her property, freedom of air, light and vision. These are necessary to the enjoyment of all property for whatever purpose used. I can see no reason why the plaintiff has not the right to enforce the covenant made for the benefit of her land, so that she may enjoy thereon freedom of light, air and vision.

As to the allowance granted in this case, I see no error. The action was tried before one judge, a motion for an extra allowance was made before another, who denied the application. Subsequently he vacated the order denying the application, and sent the motion to be heard before the judge who tried the cause, who granted the application. I see no error in this. In equity cases no judge, except the judge who has tried and decides the case, should entertain a motion for an allowance.

The costs are entirely in the discretion of the judge trying and deciding every such case. He has the power to grant or refuse costs, as he thinks the interests of justice require, and it should be for him alone to determine the question of an extra allowance, as it is for him alone to determine whether costs shall be allowed or not. It is a question whether, in an equity case, any judge, except the judge who has tried and decided the cause, has the power to grant an allowance. After the judge who has tried and decided the cause has determined what costs a prevailing party may have, as he has a perfect right to do, can

another make an addition to his judgment, by determining that additional costs shall be allowed? It seems to me not, because the whole question of costs is one for the exercise of the discretion of the judge trying the case.

The judgment and order must be affirmed, with costs.

JOSEPH F. DALY, J., concurred.

Judgment affirmed.